In the matter of the estate of JOHN W. HERBERT, deceased.

[Argued October 24th, 1938.   Decided February 6th, 1939.]

*Mr. David T. Wilentz, Mr. Richard Stockton, 3d.,* and *Mr. Elias A. Kanter,* for the appellants.

*Mr. Carl M. Herbert* and *Mr. Mark A. Sullivan,* for the respondents.

The opinion of the court was delivered by

Donges, J.

This is an appeal from an order of the prerogative court striking out the fifth and sixth amended exceptions to the first and intermediate accounting of the executors of the estate of John W. Herbert, deceased. The amended exceptions were filed by the guardian *ad litem* of certain infant beneficiaries under the will.

The admitted facts appear to be that Herbert was the owner of all of the stock of a New Jersey corporation, called Peoples Realty Company, which he had incorporated for the purpose of holding and managing real estate situated in the State of New York. At the time of Herbert's death on August 26th, 1934, that corporation owed him the sum of $295,957.75 on three notes made by the company to him, and also owed him $236,760 on an open account for advances made by him to the corporation. The corporation also owed other debts, including $191,000 to the Central Hanover Bank and Trust Company and one in the sum of $64,000 to the estate of George W. Helme.

The executors in their account state the value of the notes held by Herbert to be $29,650.09 and of the open account, $23,791.81, as of August 26th, 1934, the date of testator's death. It is admitted that these figures were arrived at by an appraisal of Edwin J. McDonald Co., and that the method used was fixing the value of all the assets of the corporation at the time of Herbert's death and deducting all the liabilities of the Realty Company other than the sums due Herbert. The difference is taken to represent the value of Herbert's claims against the corporation. To this method of arriving at the value of the notes and open account as of the time of testator's death, these exceptants object.

The executors further report that as of April 30th, 1936, the end of the period covered by the accounting, the value of the notes was nominal, and the value of the open account was $2,441.90.

The fifth amended exception charged that the accountants "failed to charge themselves with the true and actual value

of the three notes, aggregating $296,957.75 of Peoples Realty Company," and the sixth that they "failed to charge themselves with the true and actual value of the accounts receivable from Peoples Realty Company," as to both the date of testator's death and the date of accounting.

The vice-ordinary held that "the matter of the exceptions, as observed by counsel for the accountants, is without the jurisdiction of this court, and is properly a matter that should be the subject of an independent suit."

It appears that after the death of John W. Herbert, two of the three executors, together with their proctor, were elected the directors of Peoples Realty Company. The contention of the respondents, and the view of the court below, was that these exceptions sought to question the propriety of the conduct of the directors of the Realty Company in preferring the bank and the Helme estate over another creditor, namely Herbert's estate. We think, however, that this is not the situation. The question the exceptants sought to raise was as to the value of Herbert's estate, both as of the time of his death and as of the time of accounting. This may be raised by exceptions to an account in the court in which the accounting is made. *In re Bayley, 67 N. J. Eq. 566; In re Fulper, 99 N. J. Eq. 293.*

It is undisputed that at the time of Herbert's death the claims of the bank and the Helme estate were outstanding and occupied precisely the same position as the claims of Herbert against the Realty Company. They were all equal creditors, none in the preferred class. Therefore, the proper calculation of the value of Herbert's claims, as of the time of his death, would be based upon a finding of the value of the corporation's assets and applying it on all the liabilities to creditors in the same class, apportioning to Herbert his *pro rata* share on the basis of all claims as against all assets.

The accounting in question purported to be a statement of the value of the property received by the executors, with which they charged themselves, "being the assets constituting the *corpus* of the estate of said decedent on August 26th, 1934, the date of the death of the said John W. Herbert," and "a full statement of the securities, investments and assets of which

the Estate of John W. Herbert, deceased, consisted on April 30th, 1936 * * *." Inasmuch as this accounting speaks as of both dates, the value of his claim as of those times is a matter properly cognizable in the prerogative court on this accounting. The question of whether an independent suit should be instituted against such of the executors as might improperly distribute the assets of the Realty Company to the detriment of the estate might arise later. But the present inquiry is limited to the value of the estate at the designated times, and the admitted method of the McDonald Company in arriving at the value of the claims against the Realty Company is improper. The appellants were entitled to an opportunity to be heard on these questions and to show real value as of the date of Herbert's death and as of the date of accounting.

The order striking out the fifth and sixth amended exceptions is reversed and the cause remanded with directions to proceed upon these exceptions in accordance with the practice.

*For affirmance*—PERSKIE, HETFIELD, JJ. 2.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 13.